# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1142
_____

Adrianna Beckler

*Plaintiff - Appellant*

v.

Rent Recovery Solutions, LLC

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: June 15, 2023
Filed: October 5, 2023
_____

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.
_____

LOKEN, Circuit Judge.

In May 2021, debt collector Rent Recovery Solutions ("RRS") called Adrianna Beckler to collect an alleged $900 debt to her former landlord. Beckler said she disputed the debt and asked RRS to send written documentation to support the claim. In June, without sending the documents to Beckler, RRS reported her debt to TransUnion, a credit reporting agency, failing to tell TransUnion that the debt was disputed. Beckler commenced this action against RRS, alleging that it violated the

Fair Debt Collection Practices Act ("FDCPA") by failing to provide requested documents, reporting the debt to TransUnion without providing the documents, and failing to tell Trans Union the debt was disputed. See 15 U.S.C. §§ 1692g(a) and (b), 1692e(8). Beckler sought actual damages, $1,000 in statutory damages, and reasonable attorneys' fees. See §§ 1692k(a)(1), (a)(2)(A), (a)(3). RRS answered the Complaint and promptly made an offer of judgment for $2,000 plus reasonable attorneys' fees, which Beckler accepted. See Fed. R. Civ. P. 68(a).

Beckler requested an award of $18,810 in attorneys' fees for work by two attorneys and a paralegal. RRS challenged the fees requested by both attorneys, who submitted sworn declarations and detailed billing records. The district court,[1] applying the lodestar method of calculating an attorney fee award, found that the attorneys' claimed hourly rates were reasonable but the hours expended on the case were excessive. The court reduced the claimed attorney hours by fifty percent, exclusive of paralegal work, and awarded Beckler $9,480 in attorneys' fees. Beckler appeals. Reviewing the district court's award for abuse of discretion, we affirm. See Miller v. Dugan, 764 F.3d 826, 830 (8th Cir. 2014) (standard of review).

Beckler's attorneys accuse the district court of departing from the lodestar calculation by imposing a "cap" that violates FDCPA policies and deprives counsel of full compensation for bringing consumer enforcement actions under this complex federal statute. We disagree.

"The starting point for determining attorneys' fees is the 'lodestar,' which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate." Orduno v. Pietrzak, 932 F.3d 710, 719 (8th Cir. 2019). The district court must "exclude from a fee request hours that are excessive, redundant, or

---

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). That is what the district court carefully did in this case.

The court began by thoroughly reviewing the question of attorney hourly rates, finding "that the claimed hourly rates are reasonable and consistent with the rates in this community for similar services by lawyers of comparable experience." It then conducted a detailed review of hours performed on specific tasks by the two attorneys, concluding that many hours spent on pre-complaint research and communicating with each other and the client were excessive or redundant. Noting that the twelve-page Complaint "asserts few facts and only one legal claim," the court observed that, "[i]n similar FDCPA lawsuits, when the plaintiff has prevailed at the pleading stage based on an accepted Rule 68 offer of judgment or default judgment, judges in this District have approved reasonable attorneys' fees based on an expenditure of 22 hours or fewer." The court concluded:

> Counsel's expenditure of nearly 50 hours in this case is more than double the number of hours approved in analogous FDCPA cases, as addressed above. Moreover, the amount of time counsel expended on correspondence and research is excessive for the reasons the Court previously addressed. As such, a 50 percent reduction in counsel's claimed hours is warranted.

We accord "substantial deference" to a district court's determination that fees were excessive. Fox v. Vice, 563 U.S. 826, 838 (2011). The district court followed the lodestar method, reducing the award based on its determination of the number of attorney hours reasonably expended on litigation. There is a "strong presumption" that the lodestar method represents a reasonable fee. Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986). Beckler's contention that a district court violates the lodestar method by comparing the hours expended in similar FDCPA cases is absurd. The lodestar method is based on the number of hours *reasonably expended* on the litigation.

-3-

Despite Beckler's attempt to paint her FDCPA claims as complex and cutting edge, we agree with the district court that her case was factually and legally straightforward, as her acceptance of a quick offer of judgment confirms. The district court did not abuse its substantial discretion in finding that fifty hours was unreasonable for such a claim. See Orduno, 932 F.3d at 720 (looking to the factual complexity of a case). Nor did the court abuse its discretion by focusing on the reasonableness of the time two attorneys spent on legal research and communicating with each other, and in finding that a fifty percent reduction was appropriate. We have ordered or approved flat percentage reductions in appropriate cases. See Quigley v. Winter, 598 F.3d 938, 958-59 (8th Cir. 2010). "A request for attorney's fees should not result in a second major litigation." Hensley, 461 U.S. at 437. "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." Fox, 563 U.S. at 838.

We look carefully at whether attorneys' fee claims are excessive, and we encourage district courts to do likewise, as the court did here. Beckler's request for $18,810 for fifty hours of work in a straightforward FDCPA case was unreasonable. Beckler points out that policies inherent in the FDCPA encourage the award of reasonable attorneys' fees, but the key is *reasonable*.

The judgment of the district court is affirmed.

_____